IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

No. 7:07-CR-00097-BO-1

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | RESPONSE IN OPPOSITION TO |
| v. | ) | DEFENDANT'S MOTION FOR |
| | ) | EARLY TERMINATION OF |
| TIFFANY LAROSE TAYLOR, | ) | SUPERVISED RELEASE |
| | ) | |
| Defendant. | ) | |

NOW COMES the United States of America, by and through the United States Attorney for the Eastern District of North Carolina, and hereby files this response in opposition to Defendant's motion for early termination of supervised release. (D.E. 34). The motion should be denied because Defendant has not demonstrated some new or unforeseen circumstance justifying early termination of supervision or that supervision would hinder rather than facilitate her rehabilitation.

PROCEDURAL BACKGROUND

On September 26, 2007, Defendant pleaded guilty pursuant to an Information to conspiracy to distribute more than five kilograms of cocaine and a quantity of methamphetamine. [Docket Entry ("D.E.") 3, 9, 10]. On April 16, 2008, Defendant was sentenced to 180 months' imprisonment, 5 years' supervised release, and a special assessment of $100.00. [D.E. 18]. Defendant did not appeal her judgment. On October 29, 2015, Defendant's sentence was reduced to 145 months' imprisonment with all other provisions of the original judgment remaining the same. [D.E. 33].

1

On July 5, 2017, Defendant was released from imprisonment and began her 5-year term of supervised release. See [https://www.bop.gov/inmateloc/; Register Number 50936-056; last visited December 4, 2019]. On November 21, 2019, Defendant filed a motion for early termination of his supervision. [D.E. 34]. As grounds for relief, Defendant states has she been compliant while on supervision and she has worked toward obtaining a college degree. See generally [D.E. 34].

ARGUMENT

Defendant's motion should be denied because Defendant fails to adequately address the factors under Section 3553(a) that this Court should consider in determining whether or not to terminate a term of supervised release. Section 3583(e) of Title 18, United States Code provides:

> The court may, after considering the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), and (a)(7) –
>
> (1) terminate a term of supervised release and discharge the Defendant released at any time after the expiration of one year of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation, if it is satisfied that such action is warranted by the conduct of the Defendant released and in the interest of justice;

18 U.S.C. § 3583(e). While § 3553(a) provides a roadmap for the Court's consideration of Defendant's motion for early termination, courts have generally granted early termination only in cases involving some new or unforeseen circumstance, which may include exceptionally good behavior, or where supervision hinders rather than facilitates the defendant's rehabilitation. See, e.g., Folks v. United States, 733 F. Supp. 2d 649, 651–52 (M.D.N.C. 2010); United States v. Kay, 283 Fed. Appx. 944,

946–47 (3rd Cir. 2008); United States v. Atkin, 38 Fed. Appx. 196, 198 (6th Cir. 2002). Ultimately, however, the decision whether to terminate a term of supervised release is within the court's discretion. See United States v. Pregent, 190 F.3d 279, 283 (4th Cir. 1999) (noting that the phrase "the interest of justice" gives the district court latitude to consider a broad range of factors in addition to an individual's behavior in considering whether to terminate the supervised release period).

In this case, Defendant committed a serious drug trafficking offense. Defendant's only grounds for relief are that she has served approximately one-half of her supervision term and she has complied with the terms of his supervision[1] and has worked toward obtaining her college degree. Complying with the terms of supervision does not constitute the type of changed circumstances or "exceptionally good behavior" that justifies early termination because Defendant is expected to work and follow the rules while on supervised release. See Folks, 733 F. Supp. 2d at 652 ("[a]lthough [the Defendant's] ongoing and full compliance with all conditions of supervised release, including payment of the fine and restitution, is commendable, in the end that is what is required to all criminal Defendants and is not a basis for early

---

[1] On August 29, 2019, Allison Lewis ("Lewis"), a probation officer who had supervised Defendant informed the undersigned of the following:

Defendant has performed satisfactorily on supervision. She has satisfied all special conditions, all drug screens have been negative for illegal substances, and she has been on low intensity supervision since February 2019. Defendant is gainfully employed and has met all her monetary obligations. Mrs. Taylor has continued to remain in compliance while on low intensity and has made a true effort to improve her quality of life. Since Lewis would request early termination for Defendant after one year of low intensity supervision, i.e. February 2020, Lewis does not object to Defendant's request for early termination.

termination of his supervised release"); see also United States v. Caruso, 241 F. Supp. 2d 466, 469 (D.N.J. 2003) ("mere compliance with the terms of probation or supervised release is what is expected of probationers, and without more, is insufficient to justify early termination"). Furthermore, there is no evidence that her supervision has jeopardized employment opportunities or that her supervision has, in some other manner, hindered her efforts at rehabilitation.

Put simply, Defendant has presented no specific evidence, unusual, exceptional, or otherwise, to warrant early termination (e.g. exceptionally good behavior, or where supervision hinders rather than facilitates the defendant's rehabilitation). While Defendant's compliance with her supervised release conditions is laudatory, it also reflects that her supervised release term appears sufficient but not greater than necessary to reflect the nature and circumstances of the drug trafficking charge, to deter criminal conduct, and to protect the public from further crimes. 18 U.S.C. § 3583(a). Based on the factors promulgated in 18 U.S.C. §§ 3553(a)(1), (a)(2)(A), (a)(2)(B), (a)(2)(C), (a)(4), and (a)(5), Defendant should remain on supervised release. See United States v. Russell, 2013 WL 2634399, at *1 (E.D.Wisc. June 11, 2013)(The conduct of the defendant needed to justify termination should include more than simply following the rules of supervision; otherwise, every defendant who complied with supervision would qualify for early termination.).

## CONCLUSION

For the reasons stated above, the Court should deny Defendant's motion for early termination of supervised release.

Respectfully submitted this 6th day of December, 2019.

>ROBERT J. HIGDON, JR.
>United States Attorney
>
>BY: /s/ Rudy E. Renfer
>RUDY E. RENFER
>Attorney for the United States
>United States Attorney's Office
>Civil Division
>150 Fayetteville Street
>Suite 2100
>Raleigh, NC 27601
>Telephone: (919) 856-4530
>Fax: (919) 856-4487
>Email: rudy.e.renfer@usdoj.gov
>N.C. Bar No. 23513

<u>CERTIFICATE OF SERVICE</u>

      I do hereby certify that I have this 6th day of December, 2019, served a copy of the foregoing upon the below listed party electronically using the CM/ECF system or by placing a copy of the same in the U.S. Mail, addressed as follows:

Tiffany Larose Taylor
174 Kelly Circle
Hubert, NC  28539

                                    BY: <u>/s/Rudy E. Renfer</u>
                                    RUDY E. RENFER
                                    Attorney for the United States
                                    United States Attorney's Office
                                    Civil Division
                                    150 Fayetteville Street
                                    Suite 2100
                                    Raleigh, NC 27601
                                    Telephone: (919) 856-4530
                                    Fax: (919) 856-4487
                                    Email: rudy.e.renfer@usdoj.gov
                                    N.C. Bar No. 23513